**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Western _____ District of Pennsylvania _____
_____(State)_____

Case number (*if known*): _____    Chapter 11

☐ Check if this is an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/16

*If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, **Instructions for Bankruptcy Forms for Non-Individuals,** is available.*

| | | |
|---|---|---|
| 1. | **Debtor's name** | Rex Energy Corporation |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** | N/A |
| | Include any assumed names, trade names, and *doing business as* names | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 2 0 – 8 8 1 4 4 0 2 |

4. **Debtor's address**

**Principal place of business**

366 _____ Walker Drive _____
Number    Street

State College _____ PA _____ 16801 _____
City    State    ZIP Code

Centre County _____
County

**Mailing address, if different from principal place of business**

_____
Number    Street

_____
P.O. Box

_____
City    State    ZIP Code

**Location of principal assets, if different from principal place of business**

_____
Number    Street

_____
City    State    ZIP Code

5. **Debtor's website** (URL)    www.rexenergy.com

6. **Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

| Debtor | Rex Energy Corporation | Case number *(if known)* |
|---|---|---|
| | Name | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>2</u>  <u>1</u>  <u>1</u>  <u>1</u>

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply*:

　☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

　☐ A plan is being filed with this petition.

　☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

　■ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

　☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No

☐ Yes.　District _____  When _____  Case number _____
　　　　　　　　　　　　　　　　　　　MM / DD / YYYY

　　　　　District _____  When _____  Case number _____
　　　　　　　　　　　　　　　　　　　MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

■ Yes.　Debtor  See Attached Schedule 1    Relationship  Affiliate

　　　　　District  Western District of Pennsylvania    When  Date Hereof
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　MM / DD / YYYY

　　　　　Case number, if known  _____

| Debtor | Rex Energy Corporation | Case number (if known) |
|---|---|---|
| | Name | |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number        Street

_____

_____
City                                    State        ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

| **Statistical and administrative information** |
|---|

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☑ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☑ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

| Debtor | Rex Energy Corporation | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| 16. Estimated liabilities | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☑ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

☒ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

☒ I have been authorized to file this petition on behalf of the debtor.

☒ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  05/18/2018
MM / DD / YYYY

✗ _____
Signature of authorized representative of debtor

Thomas C. Stabley
Printed name

Title  President and Chief Executive Officer

**18. Signature of attorney**

✗ James D. Newell    Date 05/18/2018
Signature of attorney for debtor    MM / DD / YYYY

James D. Newell
Printed name
Buchanan Ingersoll and Rooney PC
Firm name
301    Grant Street, 20th Floor
Number    Street
Pittsburgh    PA    15219
City    State    ZIP Code

412-562-8800    james.newell@blpc.com
Contact phone    Email address

51337    PA
Bar number    State

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

# UNITED STATES BANKRUPTCY COURT

In re  Rex Energy Corporation                    ,    )    Case No. _____

Debtor    )

)

)    Chapter 11

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is  001-33610                    .

2. The following financial data is the latest available information and refers to the debtor's condition on  April 30, 2018             .

| | | |
|---|---|---|
| a. Total assets | $ | 851,000,957.52 |
| b. Total debts (including debts listed in 2.c., below) | $ | 984,529,090.56 |

c. Debt securities held by more than 500 holders:

8.875% due 2020; 6.25% due 2022; 8.00% due 2020

Approximate number of holders:

| | | | |
|---|---|---|---|
| secured ☐  unsecured ■  subordinated ☐ | $ | 7,333,000 (8.875%) | Unknown |
| secured ☐  unsecured ■  subordinated ☐ | $ | 5,363,000 (6.25%) | Unknown |
| secured ■  unsecured ☐  subordinated ☐ | $ | 587,606,061 (8.00%) | Unknown |
| secured ☐  unsecured ☐  subordinated ☐ | $ | | |
| secured ☐  unsecured ☐  subordinated ☐ | $ | | |

d. Number of shares of preferred stock      3,987

e. Number of shares common stock      10,708,287

Comments. if any:

3. Brief description of debtor's business:

The Debtor is an independent energy company engaged in the acquisition, production and development of natural gas and natural gas liquids.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:  None.

## SCHEDULE 1

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case (collectively, the "Debtors"), filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code.  Contemporaneously with the filing of their petitions, the Debtors filed a motion requesting that the Court consolidate their chapter 11 cases for administrative purposes only.

R.E. Gas Development, LLC
Rex Energy Corporation
Rex Energy I, LLC
Rex Energy Operating Corp.

# REX ENERGY CORPORATION

## Unanimous Consent of the Board of Directors

## May 18, 2018

Pursuant to the provisions of Section 141(f) of the General Corporation Law of the State of Delaware, the undersigned, being all of the members of the Board of Directors (the "Board") of REX ENERGY CORPORATION, a Delaware corporation (the "Company") do hereby waive notice of a meeting of the Board and, pursuant to Sections 3.01 and 3.13 of Article III of the Amended and Restated Bylaws of the Company, consent to, authorize and approve the following resolutions with the same force and effect as if adopted by a unanimous vote at a duly called meeting of the Board:

Chapter 11 Filing

RESOLVED, that the Company shall be, and it hereby is, authorized to file a voluntary petition (the "Petition") for relief under chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the Western District of Pennsylvania or such other court as the appropriate officer or officers of the Company shall determine to be appropriate (the "Bankruptcy Court") and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect any of the foregoing and the performance of such acts to constitute the reasonableness, advisability, expedience, convenience, appropriateness or necessity thereof;

FURTHER RESOLVED, that the president and corporate secretary of the Company and any other officer of the Company that the president may designate from time to time (collectively, the "Designated Officers") shall be, and each of them, acting alone, hereby is, authorized and empowered on behalf of, and in the name of, the Company, to:  (a) execute, acknowledge, deliver and verify the Petition and all other ancillary documents, and cause the Petition to be filed with the Bankruptcy Court and make or cause to be made prior to execution thereof any modifications to the Petition or ancillary documents as any such Designated Officer, in such officer's discretion, deems necessary or desirable to carry out the intent and accomplish the purposes of these resolutions; (b) execute, acknowledge, deliver, verify and file or cause to be filed all petitions, schedules, statements, lists, motions, applications and other papers or documents necessary or desirable in connection with the foregoing; (c) execute, acknowledge, deliver and verify any and all other documents necessary or appropriate in connection therewith or to

administer the Company's chapter 11 case in such form or forms as any such Designated Officer may approve; and (d) cause any of the Company's wholly owned subsidiaries to take any action consistent with these resolutions, including the filing of petitions for relief under chapter 11, the retention of professionals and the incurrence of debt by such subsidiaries; and

FURTHER RESOLVED, that the actions of any Designated Officer taken pursuant to the preceding resolution, including the execution, acknowledgment, delivery and verification of the Petition and all ancillary documents and all other agreements, certificates, instruments, guaranties, notices and other documents, shall be conclusive evidence of such Designated Officer's approval and the necessity or desirability thereof.

Debtor in Possession Facility

RESOLVED, that the Company, as debtor and debtor in possession under chapter 11 of the Bankruptcy Code, shall be, and it hereby is, authorized to: (a) enter into a new debtor in possession facility (the "DIP Facility") and any associated documents and consummate the transactions contemplated therein (collectively, the "DIP Facility Transactions") with such lenders and on such terms substantially consistent with those presented to the Board on or prior to the date hereof and as may be further approved, modified or amended by any one or more of the Designated Officers, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Company; and (b) pay related fees and grant security interests in and liens upon some, all or substantially all of the Company's assets, in such case, as may be deemed necessary or desirable by any one or more of the Designated Officers in connection with the DIP Facility Transactions; and

FURTHER RESOLVED, that: (a) the Designated Officers shall be, and each of them, acting alone, hereby is, authorized and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to take such actions and execute, acknowledge, deliver and verify such agreements, certificates, instruments, guaranties, notices and any and all other documents as any of the Designated Officers may deem necessary or appropriate to facilitate the DIP Facility Transactions (collectively, the "DIP Facility Documents"); (b) DIP Facility Documents containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary or desirable by any of the Designated Officers are hereby approved; and (c) the actions of any Designated Officer taken pursuant to this resolution, including the execution, acknowledgment, delivery and verification of all agreements, certificates, instruments, guaranties, notices and other documents, shall be conclusive evidence of such Designated Officer's approval thereof and the necessity or desirability thereof.

Restructuring Support Agreement

RESOLVED, that the Company, as debtor and debtor in possession under chapter 11 of the Bankruptcy Code, shall be, and it hereby is, authorized to: (a) enter into

the Restructuring Support Agreement between the debtors and the parties thereto and any associated documents (the "RSA") and consummate, and perform under, the transactions contemplated therein and on such terms substantially consistent with those presented to the Board on or prior to the date hereof and as may be further approved, modified or amended by any one or more of the Designated Officers, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Company; and (b) pay related fees and expenses as may be deemed necessary or desirable by any one or more of the Designated Officers in connection with the RSA;

FURTHER RESOLVED, that the Company, as debtor and debtor in possession under chapter 11 of the Bankruptcy Code, shall be, and it hereby is, authorized to: (a) execute and file a chapter 11 plan (the "Plan"), associated disclosure statement (the "Disclosure Statement"), and any associated documents, and consummate, and perform under, the transactions contemplated therein on such terms substantially consistent with those presented to the Board on or prior to the date hereof and as may be further approved, modified or amended by any one or more of the Designated Officers, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Company; and (b) pay related fees as may be deemed necessary or desirable by any one or more of the Designated Officers in connection with the Plan or Disclosure Statement; and

FURTHER RESOLVED, that: (a) the Designated Officers shall be, and each of them, acting alone, hereby is, authorized and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to take such actions and execute, acknowledge, deliver and verify the RSA, the Plan and Disclosure Statement, and such agreements, certificates, notices and any and all other documents as any of the Designated Officers may deem necessary or appropriate in connection with the RSA, the Plan, the Disclosure Statement and any other related documents (the "Restructuring Documents"); (b) the Restructuring Documents containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary or desirable by any of the Designated Officers are hereby approved; (c) the Designated Officers shall be, and each of them, acting alone, hereby is, authorized and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to authorize counsel to draft, file and seek approval of the Restructuring Documents, including approval of the Disclosure Statement and confirmation of the Plan; and (d) the actions of any Designated Officer taken pursuant to this resolution, including the execution, acknowledgment, delivery and verification of all agreements, certificates, instruments, guaranties, notices and other documents, shall be conclusive evidence of such Designated Officer's approval thereof and the necessity or desirability thereof.

Retention of Professionals and Claims and Noticing Agent

RESOLVED, that the Designated Officers shall be, and each of them hereby is, authorized and empowered to retain, on behalf of, and in the name of, the Company:

(a) Jones Day; (b) Buchanan Ingersoll & Rooney PC; (c) Perella Weinberg Partners; (d) FTI Consulting, Inc.; (e) Prime Clerk LLC; and (f) such additional professionals, including attorneys, accountants, financial advisors, investment bankers, actuaries, consultants or brokers, in each case as in any such Designated Officer's judgment may be necessary or desirable in connection with the Company's chapter 11 case and other related matters, on such terms as such officer or officers shall approve and such Designated Officer's retention thereof to constitute conclusive evidence of such Designated Officer's approval and the necessity and desirability thereof; and

FURTHER RESOLVED, that the law firm Jones Day and the law firm Buchanan Ingersoll & Rooney PC and any additional special counsel selected by the Designated Officers, if any, shall be, and hereby are, authorized and empowered to represent the Company, as debtor and debtor in possession, in connection with any chapter 11 case commenced by or against it under the Bankruptcy Code.

Additional Resolutions

RESOLVED, that, in addition to the specific authorizations heretofore conferred upon the Designated Officers, each of the officers of the Company or their designees shall be, and each of them, acting alone, hereby is, authorized and empowered, in the name of, and on behalf of, the Company to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments, amendments and other documents and to pay all expenses, including filing fees, in each case as in such officer's or officers' judgment shall be necessary or desirable in order fully to carry out the intent and accomplish the purposes of the resolutions adopted herein;

FURTHER RESOLVED, that all acts lawfully done or actions lawfully taken or to be taken by any officer or officers of the Company in connection with any of the foregoing matters in all respects are hereby ratified, confirmed and approved; and

FURTHER RESOLVED, that any Designated Officer shall be, and each of them, acting alone, hereby is, authorized to certify and deliver, to any person to whom such certification and delivery may be deemed necessary or appropriate in the opinion of such Designated Officer, a true copy of the foregoing resolutions.

(Signature Page Follows)

IN WITNESS WHEREOF, the undersigned, being all of the directors of the Board of the Company, hereby consent to, authorize and approve the foregoing recitals and resolutions, effective as of the date first written above.

_____
Thomas C. Stabley


_____
Lance T. Shaner


_____
Jack N. Aydin


_____
John Lombardi


_____
Eric L. Mattson


_____
John J. Zak

IN WITNESS WHEREOF, the undersigned, being all of the directors of the Board of the Company, hereby consent to, authorize and approve the foregoing recitals and resolutions, effective as of the date first written above.

_____
Thomas C. Stabley


_____
Lance T. Shaner


_____
Jack N. Aydin


_____
John Lombardi


_____
Eric L. Mattson


_____
John J. Zak

IN WITNESS WHEREOF, the undersigned, being all of the directors of the Board of the Company, hereby consent to, authorize and approve the foregoing recitals and resolutions, effective as of the date first written above.

 

_____

Thomas C. Stabley

 

_____

Lance T. Shaner

_____

Jack N. Aydin

 

_____

John Lombardi

 

_____

Eric L. Mattson

 

_____

John J. Zak

5

IN WITNESS WHEREOF, the undersigned, being all of the directors of the Board of the Company, hereby consent to, authorize and approve the foregoing recitals and resolutions, effective as of the date first written above.

_____
Thomas C. Stabley

_____
Lance T. Shaner

_____
Jack N. Aydin

_____
John Lombardi

_____
Eric L. Mattson

_____
John J. Zak

5

IN WITNESS WHEREOF, the undersigned, being all of the directors of the Board of the Company, hereby consent to, authorize and approve the foregoing recitals and resolutions, effective as of the date first written above.

_____
Thomas C. Stabley

_____
Lance T. Shaner

_____
Jack N. Aydin

_____
John Lombardi

_____
Eric L. Mattson

_____
John J. Zak

5

IN WITNESS WHEREOF, the undersigned, being all of the directors of the Board of the Company, hereby consent to, authorize and approve the foregoing recitals and resolutions, effective as of the date first written above.

_____
Thomas C. Stabley

_____
Lance T. Shaner

_____
Jack N. Aydin

_____
John Lombardi

_____
Eric L. Mattson

_____
John J. Zak

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| R.E. GAS DEVELOPMENT, LLC, *et al.*,[1] | : | Case No.  18-_____( ___) |
| | : | |
| Debtors. | : | (Joint Administration Requested) |
| | : | |
| _____ | : | |
| | : | |
| R.E. GAS DEVELOPMENT, LLC, *et al.*, | : | |
| | : | |
| Movants, | : | |
| | : | |
| v. | : | |
| | : | |
| NO RESPONDENT, | : | |
| | : | |
| Respondent. | : | |
| _____ | : | |

**CONSOLIDATED LIST OF CREDITORS**
**HOLDING THE 30 LARGEST UNSECURED CLAIMS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") each filed a petition in this Court on the date hereof for relief under chapter 11 of title 11 of the United States Code.  Contemporaneously with the filing of their petitions, the Debtors filed a motion requesting, among other things, authority to file a consolidated list of creditors holding the largest unsecured claims (the "Largest Unsecured Creditors List").

The Largest Unsecured Creditors List is based on the Debtors' books and records as of approximately May 17, 2018, and was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtors' chapter 11 cases.  The Largest Unsecured Creditors List does not include:  (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101(31); or (2) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the largest unsecured claims.  The information contained in the Largest Unsecured Creditors List shall not constitute an admission by, nor shall it be binding on, the Debtors.

---

[1]    The Debtors are the following four entities (the last four digits of their respective taxpayer identification numbers follow in parentheses):  R.E. Gas Development, LLC (5422); Rex Energy Corporation (4402); Rex Energy Operating Corp. (0390); and Rex Energy I, LLC (9799).  The address of each of the Debtors is 366 Walker Drive, State College, Pennsylvania 16801.

<table>
<tr><td><strong>Fill in this information to identify the case and this filing:</strong></td></tr>
</table>

Debtor Name <u>R.E. Gas Development, LLC, *et al.*</u>

United States Bankruptcy Court for the: <u>Western District of Pennsylvania</u>

Case Number (*if known*): _____

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases:  Consolidated List of Creditors Who Have the 30 Largest  Unsecured Claims and Are Not Insiders[1]

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | WSFS Trust 500 Delaware Avenue Wilmington, DE 19801 | Geoffrey J. Lewis 302-573-3218 Glewis@wsfsbank.com | 1% / 8% Second Lien Senior Notes due 2020 | | $617,116,943.14 | | Unknown at this time |
| 2 | MarkWest Liberty Midstream & Resources, LLC 1515 Arapahoe Street Tower Suite 1600 Denver, CO 80202 | Greg Floerke Gregory.Floerke@markwest.com | Trade Debt | | | | $13,898,176.31 |
| 3 | Keystone Clearwater Solutions, LLC 601 Technology Drive, Suite 300 Cannonsburg, PA 15317 | Michael Katz 724-779-1480 mkatz@keystoneclear.net | Trade Debt | | | | $10,893,674.98 |
| 4 | BOK Financial 1600 Broadway 3rd Floor Denver, CO 80202 | George Kubin 303-864-7206 Gkubin@bokf.com | 8.875% Senior Notes due 2020 | | | | $7,633,092.86 |
| 5 | OhPa Drillco, LLC 1401 McKinney Street Suite 1650 Houston, TX 77010 | Michelle Johnson 713-345-4602 m.johnson@benefitstreetpartners.com | Royalties | | | | $6,485,575.64 |
| 6 | Sumitomo Corporation of Americas 820 Gessner, Suite 600 Houston, TX 77024 | Yurika Yancey 713-463-2044 yyancey@summit-dr.com | Royalties | | | | $6,328,290.82 |
| 7 | BOK Financial 1600 Broadway 3rd Floor Denver, CO 80202 | George Kubin 303-864-7206 Gkubin@bokf.com | 6.25% Senior Notes due 2022 | | | | $5,461,694.10 |
| 8 | ProFrac Services, LLC P.O. Box 1032 Cisco, TX 76437 | Attn:  Accounts Receivable 817-212-3328 ar@profrac.com | Trade Debt | | | | $5,366,295.29 |

---

[1]     Certain regulatory claims were not reported as they were deemed potentially secured at the time of filing.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9  Sidewinder Drilling LLC 952 Echo Lane Suite 460 Houston, TX 77024 | Joel Ratliff 832-320-7644 remittance@sidewinderdrilling.com | Trade Debt | | | | $3,624,700.98 |
| 10  AL Marcellus Holdings, LLC c/o Arclight Capital Partners 200 Clarendon St. 55th Floor Boston, MA 02116 | Michelle Wright 617-531-6353 mwright@arclightcapital.com | Royalties | | | | $3,357,903.59 |
| 11  Stonehenge Appalachia, LLC 11400 Westmoor Circle Suite 200A Westminster, CO 80021 | Lisette Sacco 303-991-1480 ldiaz@StonehengeEnergy.com | Trade Debt | | | | $2,396,003.60 |
| 12  Phoenix Technology Services USA Inc. PO Box 205413 Dallas, TX 75320-5413 | Attn:  Accounts Receivable 713-337-0600 arusa@phxtech.com | Trade Debt | | | | $1,662,963.00 |
| 13  Enterprise TE Products PO Box 974364 Dallas, TX 75397-4364 | Spring Allison 713-381-7826 sallison@eprod.com | Trade Debt | | | | $1,324,708.00 |
| 14  RWLS LLC dba Renegade Services P.O. Box 862 Levelland, TX 79336 | Hilda Cassady 412-979-0200 seahorse141@icloud.com | Trade Debt | | | | $1,316,450.00 |
| 15  Cimarron Energy, Inc. Dept. 699 P.O. Box 4346 Houston, TX 77210-4346 | Seth Freeman 713-358-7027 AR@CimarronEnergy.com | Trade Debt | | | | $1,313,466.41 |
| 16  Clutch Energy Services LLC 2154 Greensburg Road New Kensington, PA 15068 | Jen Lizotte 878-302-3332 j.lizotte@clutchenergyservices.com | Trade Debt | | | | $1,056,400.00 |
| 17  Baker Hughes Oilfield Operations LLC P.O. Box 301057 Dallas, TX 75303-1057 | Jana Phillips 304-933-3301 Jana.phillips@bakerhughes.com | Trade Debt | | | | $1,037,336.58 |
| 18  Speelman Electric, Inc. 358 Commerce Street Tallmadge, OH 44278 | Shawn Lemmon 330-633-1410 shawnl@speelmanelectric.com | Trade Debt | | | | $725,756.37 |
| 19  B&L Pipeco Services, Inc. P.O. Box 840280 Dallas, TX 75824-0280 | Jesse Dickens 281-955-3500 Jesse.Dickens@blpipeco.com | Trade Debt | | | | $712,749.95 |
| 20  Carroll County Treasurer P.O. Box 327 Carrollton, OH 44615 | Jeff Yeager 330-627-4221 | Ad Valorem Taxes | | | | $639,891.05 |
| 21  Hybrid Drilling Inc., P.O. Box 1749 Woodward, OK 73802-1749 | Meggan Patrick 580-256-3644 meggand@hybriddrilling.com | Trade Debt | | | | $595,368.83 |
| 22  AIM Services Company 4944 Belmont Ave., Suite 301 Youngstown, OH 44505 | Kristin Kalna 724-667-0401 kkalna@aimntls.com | Trade Debt | | | | $545,945.20 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 23 Corporate Billing, LLC<br>Silver Creek Services, Inc.<br>Dept. 100<br>P.O. Box 830604<br>Birmingham, AL 35283 | Attn:  Accounts Receivable<br>877-584-3600<br>Remit@corpbill.com | Trade Debt | | | | $545,829.77 |
| 24 AES Drilling Fluids, LLC<br>11767 Katy Freeway<br>Suite 230<br>Houston, TX 77079 | Kevin Koronczok<br>888-556-4533<br>kevin.koronczok@aesfluids.com | Trade Debt | | | | $503,609.09 |
| 25 Wicklow Logistics, Inc.,<br>103 Lee Valley Road<br>Derry, PA 15627 | Coleen Ruffner<br>724-539-5600<br>coleen.r@comcast.net | Trade Debt | | | | $493,017.50 |
| 26 New Tech Global Venture<br>P.O. Box 4724<br>MSC 800<br>Houston, TX 77210 | Attn:  Accounts Receivable<br>281-951-4330<br>ar@ntglobal.com | Trade Debt | | | | $489,339.85 |
| 27 Chemstream Inc.<br>511 Railroad Avenue<br>Homer City, PA 15748 | Dave McCombie<br>724-915-8388<br>dave.mccombie@chemstream.com | Trade Debt | | | | $467,319.35 |
| 28 Red Bone Services LLC<br>P.O. Box 887<br>Elk City, OK 73648 | Loyd Marshal<br>580-225-1200<br>wmarshal@redbonellc.com | Trade Debt | | | | $440,565.70 |
| 29 Solaris Oilfield Site Services<br>Operating, LLC<br>9811 Katy Freeway, Suite 900<br>Houston, TX 77024 | Tawnya McNack<br>832-803-0358<br>ar@solarisoilfield.com | Trade Debt | | | | $439,114.00 |
| 30 Capstone Energy Services<br>P.O. Box 156<br>Allenport, PA 15412 | Patrick Shay<br>724-326-0190<br>pshay@capstone-energyservices.com | Trade Debt | | | | $432,345.78 |

NAI-1503635259v1

**Fill in this information to identify the case and this filing:**

Debtor Name  Rex Energy Corporation

United States Bankruptcy Court for the:  Western    District of  Pennsylvania
(State)

Case number (if known): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  05/18/2018    ✗ _____
MM / DD / YYYY    Signature of individual signing on behalf of debtor

Thomas C. Stabley
Printed name

President and Chief Executive Officer
Position or relationship to debtor

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| REX ENERGY CORPORATION,[1] | : | Case No.  18-_____( ____ ) |
| a Delaware corporation, | : | |
| | : | (Joint Administration Requested) |
| Debtor. | : | |

|  |  |
|---|---|
| REX ENERGY CORPORATION, | : |
| | : |
| Movant, | : |
| | : |
| v. | : |
| | : |
| NO RESPONDENT, | : |
| | : |
| Respondent. | : |

## STATEMENT OF CORPORATE OWNERSHIP

Pursuant to Federal Rules of Bankruptcy Procedure 1007(a)(1) and 7007.1, Rex Energy

Corporation ("Rex Energy") on behalf of itself and its affiliated debtors in the above-captioned

cases (collectively, the "Debtors") respectfully represents as follows:

1.    Rex Energy is the corporate parent of each of the other Debtors in these
chapter 11 cases and directly or indirectly owns 100% of the interests in
all of the Debtors.[2]

2.    Rex Energy's equity securities are publicly held.  No entity directly or
indirectly owns 10% or more of the issued and outstanding common stock
or preferred stock of Rex Energy.

---

[1]    The last four digits of the Debtor's taxpayer identification number are 4402 and its address is 366 Walker
Drive, State College, Pennsylvania 16801.

[2]    A corporate organization chart depicting the ownership structure of the Debtors is attached as Exhibit A to
the *Declaration of Thomas C. Stabley in Support of First Day Pleadings*, which was filed
contemporaneously herewith.

Fill in this information to identify the case and this filing:

Debtor Name __Rex Energy Corporation__

United States Bankruptcy Court for the: __Western__     District of __Pennsylvania__
                                                                                         (State)

Case number (*if known*): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets--Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* _____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☑ Other document that requires a declaration __Statement of Corporate Ownership, List of Equity Security Holders Over 10%__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  __05/18/2018__        _____
             MM / DD / YYYY              Signature of individual signing on behalf of debtor

                                   Thomas C. Stabley
                                   _____
                                   Printed name

                                   President and Chief Executive Officer
                                   _____
                                   Position or relationship to debtor